# GEORGE W. COOK

*v.*

# ROBERT TIMMONS.

1.  CONSTABLE'S SALE—*property not present.* Where a constable sold a crop of corn under executions, some three miles away from the property, but with the assent of the execution debtor and all the creditors, it was held that the sale was not void.

2.  In such a case, where the junior execution creditor bid off the property under an agreement that the prior execution creditors should give him time, and he would pay them the amount of their debts, if they would wait on him until he could sell the same: *Held,* that the agreement was valid and binding on him.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action by Robert Timmons against George W. Cook, originally brought before a justice of the peace, and taken to the circuit court by appeal, in which court a trial was had before the court without a jury. The court found the issue for and rendered judgment in favor of the plaintiff, from which the defendant prosecuted this appeal.

Mr. I. A. BUCKINGHAM, for the plaintiff in error.

Mr. A. B. BUNN, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

In this case the officer sold, to satisfy executions in his hands, a crop of growing corn, at a place about three miles from the field in which the corn had been planted. · The parties to this suit, the execution debtor, the officer and others, were present, and the sale commenced and was completed with the assent of all parties.

Cook's execution was junior to the others, and he had, therefore, no interest in the proceeds of the sale until the executions having a prior lien were satisfied.

Timmons bid the amount of his execution and another one which he controlled, and then Cook agreed that he would bid an amount sufficient to satisfy all the executions, if the creditors would wait on him until he could sell the corn. This was assented to, and Cook became the purchaser.

The court below rendered judgment in favor of Timmons for the amount of his execution. This was manifestly right, and in accordance with the agreement and undertaking.

There is no force in the objection, that the sale was void. The sale was had at a place away from the corn, with the consent of all persons interested. To declare the sale void, under such circumstances, would be a denial of the right to make an agreement.

The parties who alone had an interest in the sale assented to it, and Cook, who concurred, and who might have received the greatest benefit from the agreement, can not be permitted to complain. This would be both bad law and bad morals. He might have obtained the corn and realized enough money to pay all the creditors; and having neglected to do so, must be held to his bargain.

The judgment is affirmed.

*Judgment affirmed.*