HENRY FANNING

v.

THE PEOPLE, etc.

1. CRIMINAL LAW—CERTIFYING INDICTMENT FROM CIRCUIT TO COUNTY COURT.—When an indictment is returned into the circuit court by the grand jury, the circuit court has discretion, either to retain the indictment for trial, or to certify the same to the county court for trial; and the exercise of this discretion does not depend upon the consent or non-consent of the defendant.

2. CANNOT CERTIFY TO COUNTY COURT AFTER ARRAIGNMENT AND PLEA.—After a defendant has been arrested, given bail, been arraigned and has pleaded to the indictment, the circuit court has assumed jurisdiction of the cause, and it can not then certify it to the county court for trial, without the consent of the defendant.

3. JURY IN COUNTY COURT—FAILURE TO SUMMON IN USUAL MANNER—VENIRE FACIAS.—When a jury has not been summoned in the manner provided by the statute, if a jury shall be demanded by either party to a cause, the court may issue a *venire* for twelve competent jurors, and can retain such jury for all jury trials at said term. A default of the officers charged with the duty of drawing petit jurors for the county court, will not prevent the court from obtaining a jury, if one be demanded.

4. COUNTY COURT—JURISDICTION IN MISDEMEANORS.—The county court has jurisdiction in cases of misdemeanors, where the punishment is by fine only, not exceeding $200. The jurisdiction of justices of the peace in such cases, is not exclusive.

ERROR to the County Court of Will county. The Hon. BENJAMIN OLIN, Judge, presiding. Opinion filed February 24, 1882.

Messrs. HALEY & O'DONNELL and Mr. E. PHELPS, for plaintiff in error; against the right of the circuit court to send the cause to the county court for trial after arraignment and plea, cited Rev. Stat. 1877, 338, § 210.

The county court had no jurisdiction of the case: Constitution, Art. 6, § 12; Ferguson v. The People, 90 Ill. 510; Wilson v. The People, 94 Ill. 426.

Mr. C. W. BROWN, for defendant in error.

PILLSBURY, J. The plaintiff in error was indicted for keep-

Fanning v. The People.

ing open tippling house on Sunday.    The indictment was found at the May term, 1881, of the circuit court, and the defendant at that time entered into a recognizance for his appearance in the circuit court from day to day.    At the same time he was arraigned and pleaded not guilty, and subsequently entered his motion for a change of venue, on account of the prejudice of the judge then presiding, the Hon. Josiah McRoberts, also alleging that the people of Will county were prejudiced against him, so he could not receive a fair trial in that county.    The court on the 13th day of June, overruled the motion to change the venue from the county, but granted it so far as it concerned the judge, and set the cause for trial before one of the other judges of said circuit.    On the 23rd day of June, and at the same term, the Hon. Geo. W. Stipp, presiding, the indictment was upon motion of the people, certified to the County Court of Will county for process and trial, no consent of the defendant appearing to have been obtained. The indictment being certified to the county court, the defendant raised objection to the jurisdiction of the county court, and introduced the record of the various steps that had been taken in the circuit court.    The court overruled the objections, and took jurisdiction both of the subject matter and of the person of the defendant, and he saved objections.    Upon this action of the circuit court arises the first question presented by this record.

The authority of the circuit court to transfer an indictment to the county court, is derived from section one hundred and twenty of the act relating to county courts, Rev. St. 1874, p. 344, and is as follows:

" When the grand jury of the circuit court shall indict for offenses cognizable in the county court, such indictments may, in discretion of said circuit court, be certified under the seal thereof to the county court, for process and trial, which process shall be the same as like process in the circuit court.    The one hundred and twenty-first section prescribes the form of the certificate to be endorsed upon the back of the indictment by the clerk of the circuit court, which certificate so endorsed shall be a sufficient record to authorize the trial of the defendant in the county court.

Provision is also made that either party may obtain a rule upon the clerk of the circuit court, to certify a full record in the case to the county court.

It would seem from these provisions of the statute, that when an indictment is returned into the circuit court by the grand jury, that the circuit court has the discretion to either retain the indictment, arrest and try the defendant, or certify the same to the county court for process and trial. The exercise of this discretion by the circuit court does not depend upon the consent or non-consent of the defendant, for the statute by providing for process out of the county court, clearly implies that the defendant has not yet been arrested upon process, issuing after indictment found out of the circuit court, the word "process," as used in the statute, meaning, as we think, the writ upon which the defendant is arrested and brought into court. It appears to us that, if the legislature intended that the circuit court could exercise its discretion to certify the cause to the county court after arraignment, it would have provided for a certification of the whole record, analogous to the proceedings in changes of venue, and not merely for sending the indictment alone to the county court, and providing that process for the arrest of the defendant should issue out of that court.

The circuit court in this case retained jurisdiction of the cause, took bail from the defendant for his appearance from day to day, overruled his motion for a change of venue, had the defendant arraigned and a plea of not guilty entered, and ordered that the cause be tried at the circuit court by one of the other judges of that court to whom no objections had been made on the ground of prejudice, and under such circumstances we are of the opinion that said circuit court in the exercise of the discretion vested in it by the statute, had determined to retain jurisdiction of the cause and person of the defendant, and could not thereafter send the defendant to another jurisdiction to be tried, without his consent.

We have been referred by counsel to the case of Barr v. The People, etc., decided by this court at the last May term, as holding that such action of the circuit court was regular.

Fanning v. The People.

This point, however did not arise in that case.   There the defendant, Barr, applied for a change of venue on account of the prejudice of the judge of the circuit court then presiding, and the court granted the prayer of the petition, and as a part of the order awarding the change of venue, certified the case to the county court.   The power to transmit a case to the county court upon the application of the defendant in an indictment for a misdemeanor for a change of venue, does not depend upon the statute which we have been considering, but is expressly authorized by section 19 of chapter 146, Rev. Stat. 1874, entitled "venue," the provisions being that "when a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county, or in some other convenient county to which there is no valid objection.   The order awarding the change of venue in that case, designated the county court of the same county as the tribunal for the trial of the cause, and we have no doubt that the statute referred to, allowed the change of venue as there ordered by the circuit court.   There the object of defendant was to remove said cause from the circuit court, which object was attained by changing the venue to the county court under the statute, and it would seem that in such case the defendant had no just ground of complaint.

But in this case the circuit court had exercised its discretion to retain and try the cause, and the defendant, whether willingly or unwillingly, had submitted himself to the jurisdiction of that tribunal, and the cause had been set for trial before a judge of that court presumably satisfactory to the defendant, as he alleged no exceptions to him.   The distinction between the two cases is too obvious to require further notice.

The defendant in this cause, after his objections to the jurisdiction of the county court had been overruled, challenged the array of jurors summoned for that term of court, which challenge was overruled, and the defendant alleged exceptions. On the hearing of the challenge to the array, it appeared that on July 11, being one of the days of the July term of said county court, the court ordered a *venire facias* to issue for twelve men to appear on July 18, to serve as jurors for that term of court.   It was also shown that there had been no order

of the court dispensing with a jury for that term of court.

It is insisted by counsel that under this showing the *venire facias* was improperly issued, and that the challenge to the array should have been allowed, as the statute, Sec. 110, Chap. 37, Rev. St. 1874, requires the jury for the law terms of the county court, to be drawn and summoned in the manner provided by law, for drawing and summoning jurors for the circuit court. Counsel seem to have overlooked the further provision of the same section of the statute, that when a jury has not been summoned as above provided, that if any jury shall be demanded by either party to any cause, the court is authorized to issue a venire for twelve competent jurors, and can retain such jury for all jury trials at said term. We must presume in the absence of any bill of exceptions showing the contrary, that the county court upon the first day of the term, called all the cases for trial on the docket, and that a jury was demanded by some party to a suit pending, and the jury was summoned in order to try such cause, and being so summoned they were retained for the term. The statute has wisely provided that a default of the officers charged with the duty of drawing and summoning petit jurors for the county court, shall not prevent the court from obtaining a jury to try all cases wherein a jury trial is demanded. There was no error of the county court in disallowing the challenge to the array. There is no force in the objection that the county court has no jurisdiction in cases of misdemeanors, where the punishment is by fine only, not exceeding $200, because original jurisdiction of such cases has been conferred upon justices of the peace, by section 381, Rev. St. 1874, p. 405. That section does not purport to make such jurisdiction exclusive. The point was adjudged against the position of the plaintiff in error, in Myers v. The People, 67 Ill. 203, and Mapes v. The People, 69 Ill. 523, and the subsequent case of Ferguson v. The People, 90 Ill. 510, referred to as holding a different rule, was expressly overruled in Wilson v. The People, 94 Ill. 426.

For the error of the circuit court in certifying the cause to the county court at the time it was done, the judgment will be reversed and the cause remanded.

*Judgment reversed.*