## Noah Markee v. The People of the State of Illinois.

1. PRACTICE—*Motion in Arrest of Judgment.*—A motion in arrest of judgment must be predicated upon some intrinsic defect in the indictment and can not be sustained for any matter not affecting the real merits of the offense charged in the indictment.

2. SAME—*Where Officer in Charge of Jury is Not Sworn.*—Where defendant made no motion for a new trial in the trial court, he is not in a position here to insist that the trial court erred in not having the officer in charge of the jury sworn.

3. SAME—*Certifying Indictments to County Court for Process and Trial.*—Under the express provisions of section 120 of chapter 37, Hurd's R. S. 1901, entitled "Courts," when the grand jury of the Circuit Court shall indict for offenses cognizable in the County Court, such indictments may, in the discretion of said Circuit Court, be certified under the seal thereof to the County Court for process and trial, at any time before trial, and in case of capias issued, arrest made, or bail taken in the Circuit Court before said indictments are so certified, such facts shall in like manner be certified to said County Court, and the same proceedings shall thereafter be had thereon in the County Court in all respects as could be had in said Circuit Court.

4. CONSTRUCTION OF STATUTES—*Before Proviso Added.*—The construction given to a statute without a proviso will not apply to it after a proviso has been added.

Indictment for Selling Intoxicating Liquors Without a License. —Error to the County Court of Schuyler County; the Hon. H. V. TEEL, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

B. O. WILLARD, attorney for plaintiff in error.

T. E. BOTTENBERG, state's attorney, for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

Plaintiff in error, Noah Markee, was indicted by the

grand jury of the Circuit Court of Schuyler County for selling intoxicating liquors without having a license. The indictment was in every respect full and complete, containing seventy-two counts, each properly charging him with an offense.

When the indictment was returned into court, there was written on the back of it as folded (the last leaf being blank) the following, to wit: " The People of the State of Illinois v. *Noel* Markee.    Indictment, selling liquor.    A true bill." The signature of the foreman of the grand jury being added.

After the indictment was returned, plaintiff in error was arrested on a bench warrant and brought into court, where he waived arraignment, pleaded not guilty and gave bond to answer the charges in the indictment, after which, with the consent of plaintiff in error, the Circuit Court entered an order that the case be certified to the County Court of Schuyler County for trial.    The clerk of the Circuit Court made a transcript of the record in the case and filed it in the County Court, but in making it out, by mistake, omitted to put in it that plaintiff in error had waived arraignment, pleaded not guilty and given bond, and that the court had ordered the case certified to the County Court for trial.

With the transcript incomplete on account of this omission plaintiff in error moved the County Court to quash the indictment, and before disposing of the motion, the court, on application of the state's attorney, ruled the Circuit Court to file an amended transcript of the record in the case, which he did, and it contained what had been omitted before by mistake.    The court then overruled the motion to quash.

The case was tried by jury in the County Court without plaintiff in error having been further required to plead to the indictment, and resulted in a verdict finding him guilty under thirty-two counts of the indictment.

After the jury had heard the evidence and were sent out to deliberate and find a verdict, they were in charge of the deputy sheriff, who had not been specially sworn to attend them in the case, as provided by statute.

After the verdict was returned, plaintiff in error moved in arrest of judgment and to dismiss the case for want of jurisdiction in the County Court to hear it. Both motions were overruled and plaintiff in error preserved an exception.

The court, under the verdict, adjudged that plaintiff in error be imprisoned in the county jail for ten days; that he pay a fine of $440 and the costs, and that he stand committed to the county jail until said fine and costs were paid; to which he excepted.

He has brought the case to this court by writ of error, and to effect a reversal of the judgment, insists that the County Court erred in overruling his motion in arrest of judgment and his motion to dismiss the case for want of jurisdiction, and erred in not having the officer in charge of the jury properly sworn.

The court properly overruled the motion to quash the indictment for the reason that the indictment itself was against the plaintiff in error and correctly charged him with the offenses, and it had been properly ordered certified to the County Court for trial, and the omission of the clerk of the Circuit Court, by mistake, to show that fact in the transcript, was properly supplied on being discovered, and when supplied, justified the court in overruling the motion to quash; nor did the court err in overruling the motion to quash on account of the back of the indictment being indorsed "The People of the State of Illinois vs. *Noel* Markee," instead of Noah Markee, as in the body of the indictment, for the reason that such indorsement was no part of the indictment.

And the court properly overruled the motion in arrest of judgment for the reason that that motion must be predicated upon some intrinsic defect in the indictment and can not be sustained for any matter not affecting the real merits of the offense charged in the indictment. Winship v. The People, 51 Ill. 296. And there was no such defect in this indictment, nor was there any other intrinsic defect on the face of the record after the circuit clerk had filed the amended transcript, for it then appeared that the case had

been properly certified to the County Court; that plaintiff in error had waived arraignment, and pleaded not guilty to the charge in the Circuit Court, and therefore it was unnecessary for the County Court to require him to be arraigned or to again plead. Gardner v. The People, 3 Scam. 83.

Plaintiff in error made no motion for a new trial in the trial court, and hence is not in a position here to insist that the trial court erred in not having the officer in charge of the jury sworn.

And the court also properly overruled the motion to dismiss for want of jurisdiction for the reason that the County Court, under the showing made by the record in this case, had jurisdiction thereof under the express provisions of section 120 of chapter 37, Hurd's R. S. 1901, entitled "Courts," which is as follows:

"When the grand jury of the Circuit Court shall indict for offenses cognizable in the County Court, such indictments may, in the discretion of said Circuit Court, be certified under the seal thereof to the County Court for process and trial, which process shall be the same as like process in the Circuit Court; and the said County Court in term time, or the judge thereof in vacation, shall fix the amount of bail to be required of the accused, and shall forthwith, on the receipt of such certified indictment, order a capias in each case, which capias the clerk shall issue, either in term time or vacation, indorsing upon the same the amount of bail required of each defendant by the court or judge. When such capias is executed in term time, and the court being in session, the sheriff shall bring the defendant into court forthwith; but if the court shall have temporarily adjourned, the sheriff shall, if sufficient bail be offered, take bond in the amount named in the capias, conditioned for his appearance in said court on the day and hour to which it stands adjourned, and when the capias is executed in vacation, the sheriff shall, in like manner, take bond conditioned for his appearance in County Court as the law directs in cases of recognizances in the Circuit Court; and in default of such bond shall commit the defendant to jail, there to await trial. The judge of the County Court shall have power to receive a plea of guilty to an indictment and to pass judgment thereon, as well in vaca-

tion as in term time; and the said County Court, or the judge thereof in vacation, shall have like power to order the clerk to issue capias on information filed, as is by this section given in cases of certified indictments; *Provided*, such indictments may be certified to said County Court as above provided, at any time before trial, and in case of capias issued, arrest made, or bail taken, in the Circuit Court before such indictments are so certified, such facts shall, in like manner, be certified to said County Court, and the same proceedings shall, thereafter, be had thereon in the County Court in all respects as could be had in said Circuit Court, or as if capias were issued, arrest made, or bail taken as above provided."

The proviso in the section was added thereto in 1885 and subsequently to the construction given it without the proviso in Fanning v. The People, 10 Ill. App. 70. So the construction given to its provisions in that case will not apply to it since the proviso has been added.

Under the showing made by the record before us in this case, there is no doubt but that plaintiff in error was properly charged and convicted, and the judgment pronounced is eminently proper, and ought to, and will be affirmed.