**People of State of Illinois, Plaintiff-Plaintiff in Error, v. Damon L. Gentry, Defendant-Defendant in Error.**

### Gen. No. 10,057.

Third District.

May 14, 1956.

Released for publication May 31, 1956.

Latham Castle, of Springfield, Attorney General of State of Illinois, for plaintiff in error; Carroll V. Wintersteen, of Havana, State's Attorney of Mason County, Fred G. Leach, of Springfield, and Edwin A. Strugala, of Chicago, Assistant Attorneys General, of counsel.

No brief filed for defendant in error.

JUDGE CARROLL delivered the opinion of the court.

An information filed in the County Court of Mason county charged the defendant with being a vagabond.

The defendant filed a motion to quash the same on the ground that the county court lacks jurisdiction over vagrancy cases; that Par. 579, Chap. 38, Revised

Statutes of Illinois, 1955, specifies that such cases shall be heard by a justice of the peace or a police magistrate, and, therefore, jurisdiction in such cases is limited to justices of the peace, police magistrates or the circuit court, which has original jurisdiction in all criminal cases.

The county court sustained the defendant's motion and ordered the information quashed. By Writ of Error, the People seek reversal of the Trial Court's order.

Paragraph 177, Chapter 37, Illinois Revised Statutes, 1955, reads as follows:

"The County Courts shall have concurrent jurisdiction with the Circuit Courts in all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, where the amount claimed or the value of the property in controversy shall not exceed two thousand dollars ($2,000), concurrent jurisdiction in all cases of appeals from justices of the peace and police magistrates and in all criminal offenses and misdemeanors where the punishment is not imprisonment in the penitentiary or death."

■ ■ The offense of vagrancy is punishable by fine or a jail sentence not to exceed six months and is accordingly a misdemeanor. To sustain the argument that jurisdiction in vagrancy cases is not conferred upon county courts despite the aforesaid provisions of Par. 177, Chap. 37 of the Illinois Revised Statutes, which plainly vests authority in such courts to deal with all misdemeanor cases, this court would be required to hold that the statutory jurisdiction in vagrancy cases outside of the City of Chicago is vested exclusively in justices of the peace or police magistrates.

It may well be that the basis of the argument advanced by defendant in the Trial Court is that portion of Par. 579, Chap. 38, Illinois Revised Statutes, 1955, which fixes the punishment for the offense of being a vagabond and which reads as follows:

"It shall be the duty of the sheriff, bailiff of the municipal court of Chicago, constable, city marshal and police officers of any county, town, village, city or other municipality in this state, to arrest, upon warrant, and bring before the nearest justice of the peace or police magistrate, or, if within the City of Chicago, before the municipal court of Chicago, any such vagabond, wherever he may be found, for the purpose of examination; . . . "

In sustaining the defendant's motion, the Trial Court apparently proceeded upon the theory that the aforesaid Paragraph 579 by making it the duty of certain police officers, outside the City of Chicago to arrest a vagabond and bring him before a justice of the peace or police magistrate for examination, thereby limited jurisdiction to deal with the offender to justices of the peace and the circuit court.

No attempt to confer exclusive jurisdiction upon justices of the peace in vagrancy cases is indicated by this statutory provision. Furthermore, the jurisdiction of justices of the peace in vagrancy cases is not dependent upon the above provision. Original jurisdiction in all cases of misdemeanor, where the fine does not exceed $500 and imprisonment in the county jail for one year, is conferred upon justices of the peace by Par. 165, Chap. 79, Illinois Revised Statutes, 1955.

The theory upon which the defendant's Trial Court argument proceeded appears to have been rejected in numerous cases. In Fanning v. People, 10 Ill. App. 70, it was contended that the county court lacked jurisdiction in misdemeanor cases because original jurisdiction thereof had been conferred upon justices of the peace by a section of the Statute then in force. The Appellate Court, however, rejected such contention and said:

". . . There is no force in the objection that the county court has no jurisdiction in cases of misdemeanors, where the punishment is by fine only, not exceeding $200, because original jurisdiction of such

144

cases has been conferred upon justices of the peace, by section 381, Rev. St. 1874, p. 405. That section does not purport to make such jurisdiction exclusive."

In Myers v. People, 67 Ill. 503, it was held that the jurisdiction of the circuit court in all criminal cases as conferred by the Constitution was not exclusive but that it was within the power of the legislature to confer upon county courts concurrent jurisdiction in criminal cases.

In People v. Jacobson, 247 Ill. 394, where it was contended that Sec. 2 of the Municipal Court Act [Ill. Rev. Stats. 1953, ch. 37, § 357] in attempting to confer jurisdiction over misdemeanors was unconstitutional because under the Constitution the criminal court of Cook County is vested with jurisdiction of all criminal cases, the court citing the Myers case, rejected such argument and said:

"The jurisdiction conferred upon any court by the constitution cannot be diminished by the legislature, but in the absence of a constitutional prohibition the legislature may confer concurrent jurisdiction of the same subject matter upon another court."

In view of the above decisions, there would appear to be no merit in the contention advanced by the defendant in support of his motion. The sections of the Statute defining the offense of being a vagabond and fixing the punishment therefore, do not purport to confer exclusive jurisdiction in vagrancy cases upon justices of the peace or police magistrates. In fact, these sections of the Statute do not confer jurisdiction in these cases upon justices of the peace courts for the reason that original jurisdiction in misdemeanor cases is conferred upon such courts by Par. 165, Chap. 79 of the Statutes and to which we have above referred.

The county courts have concurrent jurisdiction with the circuit courts and justices of the peace in all misdemeanor cases including the offense of vagrancy.

145

The court erred in sustaining the defendant's motion to quash the information.

The order of the county court quashing the information is reversed and the cause remanded to that court with directions to reinstate the information and thereafter, to proceed in due course.

Reversed and remanded with directions.