Lequat *vs.* The People.

JERRY LEQUAT, plaintiff in error, *vs.* THE PEOPLE, defendants in error.

### *Error to Rock Island.*

A supervisor of roads is not bound, at all events, to open and keep in repair a new road; but is only to do so, so far as the labor under his control will enable him.

If there be any exception in the same clause of an act which creates an offence, the indictment for the offence must show, affirmatively, that the defendant does not come within the exception; but if the exception or proviso be in a subsequent clause or statute, or if in the same section, and not incorporated with the enacting clause, by any words of reference, it is, in that case, matter of defence, and need not be negatived in the indictment.

In prosecutions against supervisors, for not putting up " guide boards," the indictment should allege at what crossings of public roads, in the road district, the neglect has occurred.

This was an indictment against Jerry Lequat, in the Rock Island Circuit Court. Tried before Browne, Justice, and a jury, at May term, 1847. The indictment, after averring the appointment of Lequat as supervisor, describing the road district over which he was so appointed, notice, acceptance, &c., that a public road, describing it, was duly laid out, approved and accepted by the County Court, in Lequat's district, charges, " that the said Jerry Lequat, supervisor aforesaid, did not open and improve, or cause to be opened and improved, the road aforesaid, but has hitherto suffered the same to remain unopened, and in an unsafe, dangerous and impassable condition; and that the road aforesaid, in the road district aforesaid, is in an unsafe, dangerous and impassable condition." " And that the jurors aforesaid," &c., " do further present, that the said Jerry Lequat, supervisor aforesaid, did not put up, or cause to be put up, guide boards at the crossings and terminations of the public roads, in his said district, as by law is required of him."

A motion to quash the indictment was overruled. A motion in arrest of judgment was also overruled. The Circuit Court having imposed a fine upon the defendant, upon the finding of the jury, he prosecutes his writ of error from this Court, assigning for error, the refusal of the Circuit Court to quash the indictment, and the refusal to arrest the judgment.

S. T. LOGAN, for plaintiff in error.

D. B. CAMPBELL, for The People.

Opinion by Mr. Justice TRUMBULL :

The indictment charges the plaintiff in error with neglect of duty, as a supervisor, in failing to open a new road, and to put up guide boards at the crossings of the public roads in his road district; but does not allege that the labor of the persons bound to work on said new road, was sufficient to enable him to open it; or that he neglected to open it, so far as such labor would enable him to do so; neither does it state at what particular crossing he failed to put up guide boards, or even that there were any crossings of public roads in his road district.

A motion to quash the indictment was overruled by the Court below, and that decision is now assigned for error.

The indictment improperly attempts to charge the defendant with two distinct breaches of duty in the same count, instead of making two counts, as would have been the proper course : however, neither of said breaches is sufficient as stated. By the 20th sec. chapter 93, R. S., it is made the duty of supervisors, through whose road districts new roads are located, " to make such roads within their respective districts, and keep the same in repair, so far as the labor of persons bound to work on said roads shall enable him." The supervisor is not required, at all events, to open and keep in repair the new road, but only to do this, so far as the labor under his control would enable him to do so. The exception is contained in the same clause which imposes the duty, and should, therefore, have been negatived in the indictment. The rule is, if there be any exception in the same clause of the act which creates the offence, the indictment must show, affirmatively, that the defendant does not come within the exception; but if the exception or proviso be in a subsequent clause or statute, or if in the same section, and not incorporated with the enacting clause, by any words of reference, it is in that case matter of defence, and need not be negatived in the pleading. Archbold Criminal Pl., 48 ; 1 Chitty's Crim. Law, 283.

The charge of neglect of duty in not putting up guide boards, is altogether too indefinite and uncertain to apprise a defendant of what he is to answer. He has the right to know the specific nature and character of the offence charged against him, that he may prepare himself to defend against it. This indictment does not allege at what crossing of public roads the defendant neglected to put up guide boards, nor even that there were any

crossings of public roads in the district. As well might a defendant be required to answer to an indictment charging him generally with neglect to keep the public roads of his district in repair, as to charge him with neglect in not putting up guide boards, without specifying where, or that there were any crossings in his district requiring guide boards to be put up.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*