BALTIS MYERS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

| 67  | 503 |
|-----|-----|
| 120 | 78  |
| 120 | 182 |
| 67  | 503 |
| 127 | 503 |
| 67  | 503 |
| 128 | 234 |
| 29a | 399 |
| 67  | 503 |
| 135 | 440 |
| 67  | 503 |
| 138 | 256 |

1. CONSTITUTIONAL LAW—*where a part only may be rejected and the balance stand.* It is a general rule that, if one part of a statute be unconstitutional, but it stands so independently by itself that it may be rejected, and yet leave that which remains so complete in itself as to be fully capable of execution, then the act should be construed the same as if the void part had never been inserted.

2. SAME—*act of* 1872 *relating to county courts.* The last section of the act of 1872, to increase the jurisdiction of county courts, which provides that the act shall not apply to counties having a population of one hundred thousand, contravenes section 29 of article 6 of the constitution of 1870, which requires that the organization, *jurisdiction* and powers of *all* courts of the same class or grade shall, so far as regulated by law, be uniform. But that section being separate from the rest of the act, may be

rejected as unconstitutional, leaving the remainder to stand and apply to the whole State.

3. SAME—*as to the exclusive jurisdiction of county courts over misdemeanors.* The act of 1872, to increase the jurisdiction of county courts, so far as it attempts to confer exclusive jurisdiction of all misdemeanors, is unconstitutional. In this respect, the act is construed as conferring only concurrent jurisdiction upon county courts in the cases specified, and the clause, as to sending indictments from the circuit to the county courts, as not mandatory, but directory or permissive. When thus construed, the act is constitutional and valid.

4. SPIRITUOUS LIQUORS—*whether necessary to state the names of the persons to whom liquor is sold, in complaint.* It is not necessary in a prosecution, under the first section of the act of 1872, to provide against the evils resulting from the sale of intoxicating liquors, to state in the information the name or names of the person or persons to whom the liquor was sold.

5. But, under the second section, where the essence of the offense consists of a sale to a specified class of persons, or to a person in a particular condition, or of certain habits at the time, the name of the person to whom made, as well as the requisite circumstances, should be stated, in order to give the accused an opportunity to prepare for his defense.

6. INFORMATIONS—*must be supported by affidavit, upon which perjury can be assigned if false.* Under the sixth section of the "Bill of Rights," which declares that "no warrant shall issue without probable cause, supported by affidavit," no warrant can be issued upon an information without affidavit. The affidavit should be such that, if false, perjury can be assigned upon it.

WRIT OF ERROR to the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an information, filed by the State's Attorney of Bureau county, in the county court of that county, against Baltis Myers, for selling liquor.

At the August term, 1872, of the county court, the State's Attorney obtained leave of court to file the following affidavit:

"STATE OF ILLINOIS, ⎱ ss.
   *Bureau County.* ⎰

Fletcher Pomeroy, being duly sworn, on oath states that Baltis Myers, on the 1st day of August, A. D. 1872, and on

divers days before and after said date, at and within the county of Bureau and State of Illinois, divers quantities of intoxicating liquors did sell, to be drank in, upon or about the premises where the same was sold, without having first obtained a license to keep a grocery, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

FLETCHER POMEROY.

Subscribed and sworn to before me this 28th day of August, A. D. 1872.

J. W. TEMPLETON, *Co. Cl'k.*"

Upon the filing of this complaint, the county court granted leave to the State's Attorney to file an information against Myers for selling intoxicating liquors without license, and thereupon the State's Attorney filed the same, consisting of eight counts. The following is a copy of the first :

"STATE OF ILLINOIS, ⎫ *ss.*
   *Bureau County.* ⎬

*In the County Court of Bureau county. Of the August term, in the year of our Lord one thousand eight hundred and seventy-two.*

Be it remembered, that Charles C. Warren, county attorney for the county of Bureau and State of Illinois, and who prosecutes in this behalf in the name and by the authority of the People of the State of Illinois, in his own proper person, comes now here into court, and, in the name and by the authority of the people aforesaid, gives the court to be informed and understand that Baltis Myers, on the 1st day of July, A. D. 1872, at and within the county of Bureau and State of Illinois, and without him, the said Baltis Myers, having first obtained a license to keep a grocery, a certain quantity of intoxicating liquor did sell, to be drank in, upon and about the building or premises where sold, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois."

The other counts were all similar, except as to the dates of the sales. The information was signed "Charles C. Warren, county attorney," and the witnesses names were indorsed thereon the same as if it had been an indictment.

Mr. J. J. HERRON, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Under the provisions of the act to increase the jurisdiction of county courts, (see Sess. Laws 1872, p. 325,) an information was filed in the county court of Bureau county by the prosecuting attorney, against Myers, upon leave granted on affidavit, for alleged violations of the first section of the act entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in the State of Illinois," approved January 13, 1872. Laws 1872, p. 552.

The defendant was tried upon the charges so preferred, and found guilty. He took an appeal, under the provisions of the third section of the first mentioned act, to the circuit court of Bureau county, where the judgment of the county court was affirmed, and the case was thereupon brought to this court by writ of error. The error assigned which is principally relied upon, is, that the act to increase the jurisdiction of county courts is unconstitutional, on the ground that it does not apply to all the county courts in the State.

Section 18 of article 6 of the constitution, is as follows: "There shall be elected, in and for each county, one county judge and one clerk of the county court, whose term of office shall be four years. But the general assembly may create districts of two or more contiguous counties, in each of which shall be elected one or more judges who shall take the place of and exercise the jurisdiction of county judges in such districts. County courts shall be courts of record, and shall

have original jurisdiction in all matters of probate; settlement of estates of deceased persons; appointment of guardians and conservators, and settlement of their accounts; in all matters relating to apprentices, and in proceedings for the collection of taxes and assessments, *and such other jurisdiction as may be provided for by general law."*

Here is distinctly defined, courts of a particular class or grade.

The 29th section of the same article contains the following provision: "All laws relating to courts shall be general and of uniform operation; and *the organization, jurisdiction, powers,* proceedings and practice *of all courts of the same class or grade,* so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, *severally, shall be uniform."* *

The first section of the act to increase the jurisdiction of county courts, above referred to, declares, "that, in addition to the jurisdiction now conferred by law on the county courts *of this State,* they shall hereafter have jurisdiction in the following cases:

"1.   Concurrent jurisdiction with the circuit court in all that class of cases wherein justices of the peace now or hereafter may have jurisdiction, where the amount claimed, or the value of the property in controversy, shall not exceed $500.

"2.   Concurrent jurisdiction in all cases of appeals from justices of the peace and police magistrates," etc.

"3.   *Exclusive* jurisdiction in all criminal cases and misdemeanors, where the punishment is not imprisonment in the penitentiary, or death: *Provided,* that when a defendant is indicted in the circuit court for a greater offense, and is found guilty of a lesser one, such as would have been properly cognizable in the county court, the circuit court shall not be ousted of its jurisdiction, but may enter judgment and sentence as heretofore.   The grand jury of the circuit court may

indict for all offenses as heretofore, which indictments, if for offenses cognizable in the county court, shall be certified to the county court for process and trial."

The last section of this act declares that, "The provisions of this act shall not apply to counties having, by the last State or Federal census, 100;000 population."

If this section can be permitted to operate as the legislature intended it, then the act would not apply to the county court of Cook county, because that county had, by the last census, and at the time the act would take effect, more than 100,000 inhabitants; and all the county courts throughout the State would have the increased jurisdiction given by the act, except that in Cook county, which would remain as before. That this would be in direct violation of section 29 of article 6 of the constitution, does not admit of a doubt. That section imperatively requires that the organization, *jurisdiction* and powers of *all* courts of the same class or grade, shall, so far as regulated by law—that is, by statute—be uniform. The county court of Cook county belongs to the class or grade of courts here sought to be regulated by statute, and, by the last section of the act, that court is excluded.

How, then, is this statute to be regarded? Is it wholly void, or void only as to the last section? If the same exception had been embodied into the first section, thus creating a dependence of one part upon another by interweaving all the elements into one texture, then all would have to fall together. But, when we look at the first section, we find that, by its very terms, it extends alike to all the county courts of the State. By rejecting the last section, the remaining parts of the statute, with an exception we shall hereafter notice, are not only constitutional but complete in themselves, and capable of execution.

It is a general rule, and one founded in good sense, that, if one part of a statute be unconstitutional, but it stands so independently by itself that it may be rejected, and yet leave

that which remains so complete in itself as to be fully capable of execution, then the act should be construed the same as if the void part had never been inserted.

Under these rules, we hold that we are at liberty to reject the last section of the act, and then, by the terms of the first section, it will apply to all the county courts in the State.

The last clause of section 18 of article 6, above quoted, is broad enough to warrant the legislature in conferring upon the county courts of the State concurrent jurisdiction with the circuit courts ; but that clause must be construed in connection with other provisions of the same instrument. The twelfth section of the same article of the constitution declares that "The circuit courts shall have *original* jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law." The legislature, therefore, has no power to abridge the original jurisdiction of the circuit court. This it has attempted to do by the third subdivision of the first section of the act in question, by providing that county courts shall have *exclusive* jurisdiction in all criminal cases, etc., and by requiring that the circuit courts shall send all indictments for offenses, of which the county courts have cognizance, to the latter courts for trial.

That subdivision must be construed as conferring only concurrent jurisdiction in the cases specified, upon county courts, and the latter clause, as to sending indictments to the latter courts, not as mandatory, but directory or permissive. With the qualifications specified, we are prepared to hold the act to increase the jurisdiction of county courts constitutional and valid.

This disposes of the principal question in the case. There are some minor points made in respect to the proceeding itself, but none of which are well taken. The information, for aught that appears, was properly filed by the prosecuting attorney under the provisions of the sixth section of the county court act. Adding the description of county attorney

to his name, will not vitiate. It is not necessary, in prosecutions under the first section of the act to provide against the evils resulting from the sale of intoxicating liquors, to state in the information the name or names of the person or persons to whom the liquor was sold. The provision in the last section, that, for any violation of the *third* section of that act, it should not be necessary to state the name of the person to whom sold, was wholly unnecessary as respects that section, and is, therefore, not sufficient to require us to infer an intention that the name of the person to whom liquor was sold should be stated in the information, for offenses under the first section.

Under the second section, where the essence of the offense consists of a sale to a specified class of persons, or to a person in a particular condition, or of certain habits at the time, the name of the person to whom made, as well as the requisite circumstances, should be stated, in order to give the accused an opportunity to prepare his defense.

There was an affidavit in this case which states, substantially, all that was required to be stated, though not so fully and formally as should be, and on which, if false, perjury could be assigned.

We are of opinion that the fifth section of the county court act should be construed with reference to the sixth section of the "Bill of Rights," which declares that "no warrant shall issue without probable cause, supported by affidavit," etc.

If informations could be filed, upon which a warrant for arrest may issue without affidavit, the door would be opened to intolerable abuses ; every man's liberty would be at the mercy of the caprice or malice of the State or county attorney.

Finding no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*