THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACOB JACOBSON, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. CONSTITUTIONAL LAW—*power of legislature where constitution confers jurisdiction on certain court.* The jurisdiction conferred upon any court by the constitution cannot be diminished by the legislature, but in the absence of a constitutional prohibition the legislature may confer concurrent jurisdiction of the same subject matter upon another court.

2. SAME—*section 2 of Municipal Court act, conferring jurisdiction in criminal cases, is not invalid.* Section 2 of the Municipal Court act, in so far as it attempts to confer upon the municipal court jurisdiction in criminal cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary, is not in violation of section 26 of article 6 of the constitution, conferring jurisdiction of cases of a criminal nature in Cook county upon the criminal court, as the jurisdiction so conferred is not exclusive. (*Berkowitz* v. *Lester*, 121 Ill. 99, followed.)

3. SAME—*constitution does not give an appeal to criminal court in all criminal cases in Cook county.* Section 26 of article 6 of the constitution does not give an appeal to the criminal court in all criminal cases in Cook county, but provides that such appeals as may be given by law in those cases shall be taken to the criminal court, and such appeals are tried *de novo*.

4. SAME—*when constitutionality of a statute is not involved.* The question whether section 22 of the Municipal Court act, so far as it provides for a review by the Appellate and Supreme Courts of judgments of the municipal court in criminal cases, is in violation of section 26 of article 6 of the constitution, providing that appeals in criminal cases in Cook county which may be given by law shall be taken to the criminal court, is not presented for consideration in the Supreme Court where the question of the right of appeal to the criminal court was not presented to or decided by the municipal court.

5. CRIMINAL LAW—*section 9 of bill of rights contains no prohibition against a trial of several offenses at one time.* Section 9 of the bill of rights, relating to the right of an accused person to a speedy and public trial by an impartial jury of the county where the offense was committed, contains no prohibition against the trial, at one time, of several offenses committed in the county where the trial is had.

6. SAME—*when question whether the accused had a right to be tried for one offense at a time is not presented.* The question

whether one charged in two informations with separate violations of the same section of a statute, each offense being a misdemeanor of the same grade and subjecting the offender to the same punishment, was entitled to object, on other than constitutional grounds, to going to trial on both informations, is not presented in the Supreme Court where the defendant made no objection to going to trial nor any motion for the prosecutor to elect, and where there is no bill of exceptions in the record or anything to show that evidence of more than one offense was heard.

7. SAME—*several misdemeanors of the same nature may be embraced in separate counts of same information.* It is no objection to an information that it charges, in separate counts, the commission of several misdemeanors of the same nature; and the joinder of several misdemeanors of the same nature will not, in general, vitiate in any stage of the prosecution, nor does the practice of quashing the information or calling on the prosecutor to elect, exist in such cases.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding.

LOUIS GREENBERG, and HENRY A. BERGER, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information was filed against the plaintiff in error on July 19, 1909, in the municipal court of Chicago, which charged him with persuading a female (naming her) to enter a house of prostitution for the purpose of practicing prostitution. On July 29 a jury was sworn to try the issues; leave was granted to file an amended information, and an amended information was filed charging that the plaintiff in error procured the person named in the first count, and another, (naming her,) as female inmates of another house of prostitution. On July 30 the jury empaneled on the previous day was discharged; the plaintiff

in error was arraigned and entered a plea of not guilty to the amended information and was also arraigned and entered a plea of not guilty to the original information; a jury was sworn and a verdict was returned finding the plaintiff in error "guilty in manner and form as charged in the information filed herein," upon which he was sentenced to imprisonment in the house of correction for two months and to pay a fine of $600 and the costs. A writ of error was sued out to bring the record before us for review.

It is first contended that section 2 of the Municipal Court act, in so far as it attempts to confer upon the municipal court jurisdiction in criminal cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary, is unconstitutional, because under section 26 of article 6 of the constitution the criminal court of Cook county is vested with jurisdiction of all cases of a criminal nature arising in the county of Cook. It was held in the case of *Berkowitz* v. *Lester*, 121 Ill. 99, that this jurisdiction was not exclusive, even though the legislature, by section 2 of division 10 of the Criminal Code, had attempted to make it so. Section 12 of article 6 of the constitution confers upon the circuit court jurisdiction of all causes in law and equity in language as broad as that which in section 26 confers upon the criminal court of Cook county jurisdiction in all cases of a criminal nature, yet in *Myers* v. *People*, 67 Ill. 503, we held that the jurisdiction conferred on the circuit court by section 12 was not exclusive, but that it was within the power of the legislature to confer upon county courts concurrent jurisdiction in criminal cases. The jurisdiction conferred upon any court by the constitution cannot be diminished by the legislature, but in the absence of a constitutional prohibition the legislature may confer concurrent jurisdiction of the same subject matter upon another court.

It is next insisted that section 22 of the Municipal Court act, so far as it provides for the review upon error by the

Appellate and Supreme Courts of the judgments of the municipal court of Chicago in criminal cases, is unconstitutional, because section 26 of article 6 of the constitution provides that all appeals in criminal cases in Cook county shall be taken to the criminal court, and for this reason counsel think the judgment should be reversed and the cause remanded to the municipal court with directions to grant the plaintiff in error an appeal to the criminal court. The constitutional provision does not give an appeal in all criminal cases in Cook county to the criminal court, but provides that all appeals in criminal cases in Cook county which may be given by law shall be taken to the criminal court. The appeals referred to are such as are tried *de novo* in the appellate tribunal. No appeal is authorized by law in any criminal case in the municipal court. The plaintiff in error did not request in the municipal court an appeal to the criminal court, he was not denied such appeal, and the question of his right to such appeal was neither presented to nor decided by the municipal court. This assignment of error presents nothing for our consideration, because its determination would not affect the correctness of the judgment below.

It is finally urged that the plaintiff was tried at one time for two separate offenses, and that this was in violation of section 9 of the bill of rights, which provides that persons accused of crime shall have the right to a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. Counsel argue that this prohibits a trial for several offenses at one time though all were committed in the county where the trial may be had. There is no such prohibition in this clause, which merely determines the place of the trial. Whether the defendant might have objected to going to trial on both the original and amended informations on other than constitutional grounds is not presented to us and is not decided. He went to trial without objection and

made no motion at any time to require the prosecutor to elect. There is no bill of exceptions in the record, and so, far as appears no evidence of more than one offense was heard. Each information charged a violation of the same section of the statute, which was a misdemeanor. Each offense was of the same grade and subjected the offender to the same punishment. The charge of two different misdemeanors of the same nature may be embraced in separate counts of the same information. In the case of misdemeanors the joinder of several offenses of the same character will not, in general, vitiate in any stage of the prosecution. In such cases the practice of quashing the indictment or information or calling on the prosecution to elect on which charge he will proceed does not exist. 1 Chitty on Crim. Law, 254.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*