THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES WARREN, Plaintiff in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

COURTS—*the legislature may confer concurrent jurisdiction in criminal cases upon municipal court.* Under the constitution the criminal court of Cook county has jurisdiction of all criminal cases; but such jurisdiction is not exclusive, and the legislature may confer concurrent jurisdiction of certain classes of criminal cases upon the municipal court of Chicago.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

ROBERT E. CANTWELL, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error was charged by an information filed in the municipal court of Chicago with being a vagabond. Upon being arraigned in open court he entered a plea of not guilty. He signed a written waiver of his right to a trial by jury, and all questions, both of law and fact, were by agreement of parties submitted to the court. The court found plaintiff in error guilty and sentenced him to be im-

prisoned at labor in the house of correction of the city of Chicago for the term of three months. To reverse this judgment the present writ of error has been sued out of this court.

The only reason urged for a reversal of the judgment is that section 271 of the Criminal Code is unconstitutional.

Section 270 of the Criminal Code defines the offense of vagabondage. Section 271 makes it the duty of police officers of any county, town, village, city or other municipality to arrest, upon warrant, persons charged with the offense defined in section 270, and to bring them before the nearest justice of the peace or police magistrate, or, "if within the city of Chicago, before the municipal court of Chicago for the purpose of examination." The section further provides for a trial by jury unless the defendant shall waive his right to a trial by jury, and in case of conviction the section authorizes the justice of the peace, police magistrate or municipal court of Chicago to imprison the accused in the house of correction of any city having a contract with the county for the care of prisoners, for a term of not less than ten days and not exceeding six months.

As we understand the contention of plaintiff in error, he insists that section 271 is invalid because it purports to confer exclusive jurisdiction of this offense in the city of Chicago upon the municipal court. Section 271 does not purport to confer exclusive jurisdiction of this offense upon justices of the peace, police magistrates, and in Chicago upon the municipal court. Under the constitution the criminal court of Chicago has jurisdiction in all criminal cases. This jurisdiction the legislature cannot take away, but it can confer concurrent jurisdiction in certain classes of criminal cases upon the municipal court, and this is all that section 271 was designed to accomplish. The jurisdiction of the criminal court of Chicago is not exclusive. (*Berkowitz* v. *Lester*, 121 Ill. 99.) The circuit courts of Cook county undoubtedly, under the constitution, can ex-

ercise criminal jurisdiction notwithstanding the apparent attempt of the legislature to confer exclusive jurisdiction upon the criminal court of that county; but it has been settled in this State ever since the decision in *Myers* v. *People*, 67 Ill. 503, that the jurisdiction of circuit courts was not exclusive, and that the legislature had the power to confer concurrent jurisdiction in criminal cases upon county courts. The same reasoning applies to the municipal court of Chicago. *People* v. *Jacobson*, 247 Ill. 394.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*