(No, 17532.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN CASTREE, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. PROHIBITION—*an indictment need not negative provisions of section 40 of Prohibition act.* An indictment or information charging the unlawful possession of intoxicating liquor need not negative the provision of section 40 of the Prohibition act as to when liquor may be lawfully possessed. (*People* v. *Talbot, ante,* p. 416, followed.)

2. SAME—*when count of indictment is not repugnant.* A count in an indictment charging unlawful possession of liquor "except as authorized" is not inconsistent or repugnant because of the use of the words quoted, where it is sufficient, in other respects, to charge a violation of the statute. (*People* v. *Zalapi,* 321 Ill. 484, followed.)

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. EARL D. REYNOLDS, Judge, presiding.

ROY F. HALL, and W. R. DUSHER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, S. S. DuHAMEL, and ALFRED B. LOUISON, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

John Castree was tried in the circuit court of Winnebago county upon an indictment containing three counts and was found guilty upon the second count. After motions for a new trial and in arrest of judgment were overruled

he was sentenced to pay a fine of $1000 and costs and to stand committed until the fine and costs were paid. He has sued out a writ of error and assigned error in overruling his motion to quash the indictment and his motion in arrest of judgment.

The second count, upon which he was convicted, charges that the defendant on December 2, 1925, in the county of Winnebago, "intoxicating liquor unlawfully, and except as authorized by the Illinois Prohibition act, did then and there possess, without having first obtained and without having then and there a permit from the Attorney General of the State of Illinois so to do." It is argued that the indictment was insufficient to charge the defendant with a violation of the Prohibition law because it did not allege facts showing that the intoxicating liquor was not within the terms of section 40 of the act, which provides that "it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors were lawfully acquired," etc. The same objection was made to the indictment in *People* v. *Talbot*, (*ante*, p. 416,) and was overruled.

It is urged that the use of the phrase, "except as authorized by the Illinois Prohibition act," makes it appear from the count that the possession of liquor was authorized by the act and not unlawful, and there is therefore such a contradiction of terms as makes the count inconsistent and repugnant. This objection was considered and determined adversely to the plaintiff in error in *People* v. *Zalapi*, 321 Ill. 484.

The judgment is affirmed.

*Judgment affirmed.*