(No. 17365.—Reversed and remanded.)
The People of the State of Illinois, Defendant in Error, *vs.* Maurice Talbot, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. Prohibition—*provision of section 40 of Prohibition act need not be negatived in indictment or information.* The provision of section 40 of the Prohibition act that it shall not be unlawful to possess liquor in one's private dwelling, if lawfully acquired, need not be negatived in an indictment or information charging unlawful possession of liquor, as the language of section 40 is not descriptive of the offense, which is created by section 3, and section 40 merely withdraws or exempts certain cases from the operation of the statute which creates the offense.

2. Same—*when indictment is sufficient.* While an indictment or information under the Prohibition act charging possession or sale of intoxicating liquor must show on its face that such possession or sale was prohibited by the act, yet where the count is as descriptive of the offense as is the language of the statute and alleges every substantial element of the offense as defined by the statute it is sufficient, and any equivalent language that excludes with the same certainty the exceptions contained in the act defining the crime may be employed with equal propriety.

3. Same—*when indictment does not charge second offense under section 33.* The term "second or subsequent offense" as used in paragraph (*a*) of section 33 of the Prohibition act, fixing penalties for first and second offenses, means a second or subsequent violation by either manufacturing, transporting or selling liquor in violation of the statute, and the same expression in paragraph (*b*) means a second offense for violations specified in paragraph (*b*), for which a different penalty is provided; and an indictment charging the unlawful sale of liquor does not allege a second offense where the former conviction is alleged to have been for the unlawful possession of liquor.

4. Criminal law—*general rule as to negativing exception in indictment or information.* Where a statute defining an offense contains or refers to an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the elements of the offense cannot be accurately and clearly described if the exception is omitted such exception must be negatived in an indictment or information, but where the exception is not in the same clause of the act which creates the offense, there is no reference in the enacting clause to the excep-

tion, and the exception is in nowise descriptive of the offense but merely withdraws a case from the operation of the statute, it need not be negatived.

5. STATUTES—*statute should be construed to carry out apparent policy and object of legislature.* The primary object of construing statutes is to ascertain and give effect to the intention of the legislature, and the proper course is to follow the true intent of the legislature and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and object of the legislature.

6. SAME—*several provisions should be construed together to give effect to main intent and purpose.* The several provisions of a statute should be construed together in the light of the general purposes and objects of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed.

7. SAME—*same word repeated in a statute will be given same meaning, if possible.* Where a word is so used in one portion of a statute as to have a clearly defined meaning, the same word when used in another portion of the same statute will be given the same meaning in the absence of anything in the context to indicate that the legislature intended it to have a different meaning.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

W. J. CAREY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES F. EVANS, State's Attorney, and S. S. DUHAMEL, (A. R. IVENS, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

At the October, 1925, term of the circuit court of Macon county the grand jury returned an indictment charging that on the second Monday of August, 1925, an information was filed in the county court of Macon county by the State's attorney of that county, alleging that plaintiff in error on the third day of August of that year certain intoxicating liquor unlawfully did then and there possess, said intoxicating liquor having been unlawfully acquired

322—27

by him; that said intoxicating liquor contained more than one-half of one per cent of alcohol by volume; that it was fit for beverage purposes; that the possession of said intoxicating liquor by him was prohibited and unlawful, it not being for non-beverage purposes and not for sacramental purposes and not upon a prescription issued and prescribed to him by a physician for medical purposes and he did not have a permit from the Attorney General of the State of Illinois to acquire and possess it. The indictment alleged in due form the arraignment of plaintiff in error upon the information, his plea of guilty and his sentence thereon by the county court. The indictment further alleged that after such conviction plaintiff in error on the second day of October, 1925, certain intoxicating liquor unlawfully and feloniously did then and there sell, such sale being prohibited and unlawful; that the liquor contained more than one-half of one per cent of alcohol by volume; that it was for beverage purposes; that the sale was not for non-beverage purposes and not for sacramental purposes and not upon a prescription of a physician for medicinal purposes and he did not have a permit from the Attorney General of the State of Illinois to sell said intoxicating liquor. Plaintiff in error filed a motion to quash the indictment, and upon the overruling of the motion entered his plea of not guilty. A jury trial resulted in a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled and plaintiff in error was fined $500 and sentenced to the Southern Illinois Penitentiary at Chester for an indeterminate term. The record is before this court for review upon writ of error.

It is first contended by plaintiff in error that the information to which he had pleaded guilty in the county court was insufficient and that it did not state an offense against the Prohibition act. Section 3 provides: "No person shall on or after the date when this act goes into effect * * * possess any intoxicating liquor except as authorized in this

act." Section 40 of the act provides, among other things: "It shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors were lawfully acquired and are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein." It is contended by plaintiff in error that the information to which plaintiff in error in this case plead guilty in the county court is defective in not stating in apt terms such facts as to show that the liquor alleged to have been unlawfully possessed did not come within this provision of section 40.

The offense with which plaintiff in error was charged was not created by section 40 but was created by section 3. Section 40 is not a provision purporting to authorize any person to acquire and possess intoxicating liquor. It only withdraws or exempts certain cases from the operation of the statute which creates the offense. There is no reference in the enacting clause (under which term are to be understood all parts of the statute which define the offense) to section 40. The language quoted from section 40 is in nowise descriptive of the offense. Where a statute defining an offense contains, or refers to, an exception or proviso in its enacting clause which is so incorporated with the language describing and defining the offense that the elements of the offense cannot be accurately and clearly described if the exception is omitted, such exception must be negatived in an indictment or information. (*People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140.) Where, however, the exception is not in the same clause of the act which creates the offense, there is no reference in the enacting clause to the exception, the exception is in nowise descriptive of the offense and is one which merely withdraws a case from the operation of the statute, it need not be negatived. (*Metzker* v. *People,* 14 Ill. 101; *Sokel* v. *People,* 212 id. 238;

*People* v. *Butler,* 268 id. 635; *People* v. *Callicott, ante,*
p. 390; *Lequat* v. *People,* 11 Ill. 330; *State* v. *O'Donnell,*
10 R. I. 472; *Commonwealth* v. *Jennings,* 121 Mass. 47;
1 Wharton on Crim. Proc.—10th ed.—secs. 288, 290.) The
matter contained in this part of section 40 is purely de-
fensive and is one of those which were intended to be cov-
ered by section 39, which provides, among other things, that
it shall not be necessary in an information or indictment to
include any defensive negative averments. Section 3 speci-
fies certain circumstances under which a person is author-
ized by the act to possess intoxicating liquor. Such liquor
comes under the exception "except as authorized in this
act," and these circumstances must be negatived in an in-
dictment or information. A prerequisite to such authorized
possession is a permit from the Attorney General. The in-
formation properly alleged the plaintiff in error did not have
such permit.

This court has in *People* v. *Martin, supra, People* v.
*Barnes, supra, People* v. *Tate,* 316 Ill. 52, *People* v. *Lewis,*
319 id. 154, *People* v. *Zalapi,* 321 id. 484, *People* v. *Ber-
man,* 316 id. 547, and in other cases, fully considered the
necessary allegations in an indictment or information un-
der the Prohibition act, and has laid down the rule that
while an information or indictment under the Prohibition
act charging the possession or sale of intoxicating liquor
must show on its face that the possession or sale of such
liquor was a possession or sale prohibited by the act, yet
where the count of the information or indictment is as de-
scriptive of the offense as is the language of the statute and
alleges every substantial element of the offense as defined
by the statute such count is sufficient, and that any equiva-
lent language that excludes with the same certainty the ex-
ceptions contained in the act defining the crime may with
equal propriety be employed. When the information set
forth in the indictment in this case is tested by this rule it
must be held to be sufficient.

Plaintiff in error in his motion to quash the indictment contended that the indictment on its face did not charge a second or subsequent offense of either selling or unlawfully possessing intoxicating liquor under the law, in that the offense charged in the information in the county court was the unlawful possession of intoxicating liquor while the particular act charged as constituting the second offense was the unlawful sale of intoxicating liquor, and that to constitute a second or subsequent offense within the meaning of the statute the second violation must be of the same class or nature as the first.   While in *People* v. *Tate, supra,* an indictment for unlawfully selling intoxicating liquor which charged a former conviction for unlawfully possessing intoxicating liquor was held to be a good indictment, the question here raised does not appear to have been raised in that case.

By the Prohibition act three separate and distinct penitentiary offenses are created.   Section 27 makes it unlawful for any person "to own, operate or maintain, or have in his possession or any interest in a still," unless he shall first secure a permit from the Attorney General.   This section also provides: "Any person who violates this section shall, for the first offense, be fined not more than $200 or imprisoned not exceeding six months, or both; and for a second or subsequent offense shall be deemed guilty of a felony and upon conviction thereof shall be fined not less than $500 nor more than $2000 and confined in the penitentiary for one year."   It is evident the conviction was not had under this section.   Section 33 contains two paragaphs, (a) and (b), as follows:

"(A) Any person who manufactures, transports, or sells liquor in violation of this act shall for a first offense be fined not less than $100 nor more than $1000, or be imprisoned not less than sixty days nor more than six months or both and for a second or subsequent offense shall be fined not less than $500 nor more than $1500 and be im-

prisoned in the State penitentiary not less than one year nor more than two years.

"(B) Any person violating the provisions of any permit, or who makes any false record or report required by this act or violates any of the provisions of this act, for which offense a special penalty is not prescribed, shall be fined for a first offense not less than $100 nor more than $1000, or be imprisoned not less than sixty days, nor more than six months; for any subsequent offense he shall be punished by a fine of not less than $500 nor more than $1500 and be imprisoned in the State penitentiary not less than one year nor more than two years."

The primary object of the construction of statutes is to ascertain and give effect to the intention of the legislature, which is the vital part or essence of the law. In construing statutes the proper course is to start out and follow the true intent of the legislature and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature. (*Forrest* v. *Roper Furniture Co.* 267 Ill. 331.) The several provisions of the statute should be construed together in the light of the general purposes and objects of the act, so as to give effect to the main intent and purpose of the legislature as therein expressed. (*Public Utilities Com.* v. *Monarch Co.* 267 Ill. 528.) Where a word is so used in one portion of a statute as to have a clearly defined meaning, the same word when used in another portion of the same statute will be given the same meaning in the absence of anything in the context to indicate that the legislature intended it to have a different meaning. (*People* v. *Busse,* 240 Ill. 338.) There can be no question but what the word "offense" where it first appears in paragraph (*a*) in this section means a violation of this paragraph by either manufacturing, transporting or selling liquor in violation of the Prohibition act. Where the word "offense" occurs the second time in that paragraph, there being nothing in the

context to indicate that it was the intention of the legislature that the word should be given a different meaning, it must be held to have the same meaning as where it first occurs, and we must therefore hold that the term "second or subsequent offense" as used in this paragraph means a second violation of this paragraph by either manufacturing, transporting or selling liquor in violation of this act, even though the second violation be not of the identical kind as the first violation. Applying the same rule, the word "offense" where it occurs in paragraph (*b*), in connection with the word "first," must be held to mean a violation of that paragraph by violating the provisions of any permit or making any false record or report required by the act or violating any of the provisions of the act for which violation a special penalty is not prescribed, and therefore the word "offense," when used in connection with the word "subsequent" in this paragraph, must be given the same meaning,—*i. e.*, a violation of the act in any of the ways specified in paragraph (*b*). It is to be noted that the penalties prescribed by paragraph (*a*) differ from those prescribed by paragraph (*b*). No special penalty is prescribed by the act for the unlawful possession of intoxicating liquor, and it therefore comes within the provisions of paragraph (*b*).

Before a man can be convicted of any one of the three distinct penitentiary offenses created by this act the indictment must allege the particular offense in apt terms. The specific offense with which plaintiff in error was charged was selling liquor in violation of the Prohibition act under paragraph (*a*). The prior conviction alleged was for an unlawful possession of liquor, which is not one of the three violations of the act specified in paragraph (*a*) but is one of the violations specified in paragraph (*b*). While to constitute a second offense such offense need not be of the particular kind as the first violation, to constitute a second offense under paragraph (*a*) the first violation must be a

violation specified in paragraph (*a*), and to constitute a second offense under paragraph (*b*) both offenses must be violations specified in paragraph (*b*). This indictment therefore did not charge a second or subsequent offense under either paragraph (*a*) or (*b*). (*People* v. *Hollenbeck, post,* p. 443.) The court, however, did not err in refusing to quash the indictment, as it contained a good count for a first offense under paragraph (*a*).

Upon the trial the court admitted in evidence the record of the conviction of plaintiff in error alleged in the indictment. The admission of this evidence was prejudicial error, and the judgment of the circuit court must therefore be reversed and the cause remanded.

*Reversed and remanded.*