THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT D. GIRARD, Plaintiff in Error.

*Opinion filed June 22, 1927.*

1. PROHIBITION—*county court may at a probate term sentence defendant pleading guilty.* Under section 119 of the act in regard to the jurisdiction of county courts, the county court may at a probate term, after the expiration of the regular law term of the court, pass sentence on a defendant who has pleaded guilty and waived in writing a trial by jury.

2. CRIMINAL LAW—*defendant charged with misdemeanor may waive trial by jury.* Where authorized by statute the right of trial by jury under an information for a misdemeanor may be waived by the accused without violating sections 5 and 9 of article 2 of the constitution.

WRIT OF ERROR to the County Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding.

J. W. TEMPLEMAN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES F. EVANS, State's Attorney, and MERRILL F. WEHMHOFF, (A. R. IVEN, of counsel,) for the People.

Mr. Chief Justice Heard delivered the opinion of the court:

October 23, 1926, the State's attorney of Macon county filed an information in the county court of that county charging plaintiff in error with a violation of the Prohibition law. The law term of that county court had adjourned for the August term on September 24, 1926. A warrant upon the information was issued out of the county court returnable to the December, 1926, term, and plaintiff in error was arrested and brought before the court on October 23; 1926, where he waived in writing his right to a trial by jury and pleaded guilty to the information after being admonished by the court as to the consequences of such plea. He was sentenced by the court to the Illinois State farm at Vandalia for a term of six months. The record is now before this court on writ of error.

Plaintiff in error insists that at the time he entered his plea of guilty and sentence was passed upon him there was not a legally constituted court, as provided by law and the constitution of Illinois. While the law term of the county court of Macon county had adjourned prior to October 23, 1926, the October probate term of that court was still in session. Section 119 of chapter 37 provides with reference to the powers of county courts at probate terms, "the court may receive the plea of guilty and pass judgment, or, if the accused will waive a jury and be tried by the court without a jury, the court may, upon notice being first given to the State's attorney, try the cause and pass judgment as well at a probate as a law term of said court." This section of the statute conferred jurisdiction upon the county court of Macon county, a regularly constituted court, to pass sentence upon plaintiff in error, he having in writing waived a jury trial and plead guilty. *People* v. *Callicott*, 322 Ill. 390.

It is contended by plaintiff in error that his constitutional rights were violated in that he was deprived of his liberty without due process of law, in violation of section 5

of article 2 of the constitution, which provides that the right of trial by jury as heretofore enjoyed shall remain inviolate. When authorized by statute the right of trial by jury under an information for a misdemeanor may be waived by the accused without violating sections 5 and 9 of article 2 of the constitution. (*Brewster* v. *People,* 183 Ill. 143; *George* v. *People,* 167 id. 447; *People* v. *Scates,* 3 Scam. 351; *Zarresseller* v. *People,* 17 Ill. 101; *Darst* v. *People,* 51 id. 286.) The information in this case was for a misdemeanor, and the procedure adopted by the county court of Macon county at a probate term was expressly authorized by the statute. Plaintiff in error was not compelled to waive a jury and plead guilty, but could, had he so desired, have pleaded not guilty and refused to waive a trial by jury, in which event he could have had a jury trial at the December term of the county court of Macon county.

The information consisted of one count, which alleged, among other things, that Girard on the 23d day of October, 1926, unlawfully possessed, with intent to sell the same, certain intoxicating liquor without having a permit from the Attorney General of the State of Illinois to possess the same. It also negatived certain exceptions contained in the Prohibition act. Plaintiff in error states that the information does not charge him with a crime, but he fails to point out any particular defect in the information. The information was sufficient. *People* v. *Talbot,* 322 Ill. 416; *People* v. *Hollenbeck,* 322 id. 443; *People* v. *Zalapi,* 321 id. 484; *People* v. *Castree,* 322 id. 471; *People* v. *Cioppi,* 322 id. 353.

It is assigned as error that the court committed plaintiff in error to the State farm at Vandalia. This alleged error is not mentioned in the brief or argument and will therefore be deemed to have been waived.

The judgment of the county court of Macon county is affirmed.

*Judgment affirmed.*