(No. 18449.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AUGUST DUCHOW, Plaintiff in Error.

*Opinion filed October 25, 1928.*

F. M. GUINN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILL P. WELKER, State's Attorney, and ROY D. JOHNSON, for the People.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

August Duchow was indicted in the county court of Fayette county for violations of the Prohibition act. The indictment, consisting of five counts, was certified to the county court for process and trial. The jury found Duchow guilty on the second count, which charged that on July 1, 1925, he possessed intoxicating liquor without having a lawful right, license or permit from the Attorney General or other lawful authority so to do, and that his act was

prohibited, unlawful and contrary to the statute. By the court's judgment a fine of $150 was imposed. Upon a writ of error the Appellate Court for the Fourth District affirmed the judgment. Duchow prosecutes this writ of error for a further review.

It appears from the evidence offered by the prosecution that Duchow and his wife resided about two miles west of St. James, in Fayette county; that in the summer of 1925 intoxicating liquor was kept at Duchow's house and sold by Mrs. Duchow, and that certain of the sales were made in her husband's presence and with his knowledge and consent. One witness, Elvin Pontius, eighteen years of age, testified that he saw two kegs in the smokehouse, one of which contained wine; that on one occasion he obtained a quart of wine from Mrs. Duchow, and after driving a short distance down the highway he and his companions stopped and drank the wine; that, although he never saw Duchow, he bought liquor from Mrs. Duchow at least fifty times, and that he paid seventy-five cents a quart for it. Two witnesses testified that on one occasion Pontius and others went to Duchow's house and bought half a gallon of wine. One of these witnesses said the wine was intoxicating. Other witnesses testified that when they accompanied Pontius they remained in the automobile in front of Duchow's house while Pontius went in, and that when he returned he had wine, which the members of the party drank, and that it was intoxicating. Pontius was corroborated concerning other purchases made by him. Two investigators testified that they went to Duchow's house and one of them inquired whether he had any wine; that Duchow answered in the affirmative; that Mrs. Duchow then delivered wine to them in her husband's presence; that Duchow and the witnesses drank a portion of it before leaving; that the latter delivered what was left to the sheriff and that they were compensated for their services in obtaining the evidence.

Plaintiff in error admitted that the investigators called at his home. He testified that one of them inquired whether he had grapes for sale, and he answered that he had none; that he was then asked whether he had any wine, and he again answered in the negative, and that after the investigators left his wife informed him that they had taken some of the juice from the table without her permission. Plaintiff in error admitted that at the time he had two or three gallons of rhubarb juice in a barrel but he denied that he had sold or given away any wine.

The second count of the indictment, upon which plaintiff in error .was convicted, it is contended, did not charge an offense. Section 3 of the Prohibition act (Cahill's Stat. 1925, p. 1030; Smith's Stat. 1925, p. 1095;) provides: "No person shall on or after the date when this act goes into effect, manufacture, sell, barter, transport, deliver, furnish or possess any intoxicating liquor except as authorized in this act, and all the provisions of this act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, delivered, furnished and possessed, but only as herein provided, and the Attorney General may, upon application, issue permits therefor." To manufacture, possess, sell, barter, transport, deliver or furnish intoxicating liquor will, if unauthorized, offend against section 3, but if authorized as the act provides these acts will not violate that section. A prerequisite to the authorized possession of intoxicating liquor subsequent to the taking effect of the act is a permit from the Attorney General. (*People* v. *Talbot*, 322 Ill. 416.) In the second count the possession of such a permit was negatived in direct language, and the possession of intoxicating liquor was charged as of July 1, 1925, which was subsequent to the taking effect of the act. The count sufficiently charged the offense of which plaintiff in error was

convicted. *People* v. *Talbot, supra; People* v. *Castree,* 322 Ill. 471.

Plaintiff in error further contends that there was neither charge nor proof that the liquor sold was intoxicating. By section 2 of the Prohibition act the word "liquor," or the phrase "intoxicating liquor," when used in the act, shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids and compounds, whether medicated, proprietary, patented or not, and by whatever name called, containing one-half of one per-centum or more of alcohol by volume, which are fit for use for beverage purposes. It is unnecessary, in a prosecution under the act, to charge the particular variety of intoxicating liquor possessed or sold, the alcoholic content or its fitness for beverage purposes. (*People* v. *Alfano,* 322 Ill. 384.) Witnesses testified that they bought wine from Mrs. Duchow in her husband's presence and with his knowledge. A greater number of witnesses partook of the wine and testified that it was intoxicating. Wine is an intoxicating liquor as defined by section 2 of the Prohibition act. The jury found that the liquor bought was intoxicating, and the verdict is supported by the evidence.

It is contended by plaintiff in error that his wife's sales of the liquor did not render him criminally liable for its possession. If the husband knowingly permits the wife to use the home for the illegal purpose of keeping intoxicating liquor for sale he becomes a participator in the act and is liable to prosecution and conviction for the unlawful possession of such liquor. (*Commonwealth* v. *Barry,* 115 Mass. 146; *State* v. *Arrigoni,* 119 Wash. 358; *People* v. *Sybisloo,* 216 Mich. 1; *State* v. *Rozum,* 8 N. D. 548; 30 Corpus Juris, p. 794.) The agency of a wife for her husband in the sale of liquor on the husband's premises, even when he is absent and ignorant of the particular sale, may be inferred from the circumstances. (*Singer* v. *United States,*

288 Fed. 695.) The evidence was sufficient to sustain the charge made in the second count of the indictment.

Complaint is made by plaintiff in error of certain instructions given to the jury at the request of the prosecution. The second instruction informed the jury that it was unlawful for any person to manufacture any intoxicating liquor without a valid permit from the Attorney General. There was no charge in the indictment that plaintiff in error manufactured intoxicating liquor. Only the possession, sale and giving away of such liquor were alleged. Instructions must be based upon and be applicable to the charge made in the indictment. (*People* v. *Tate*, 316 Ill. 52.) The instruction should not have been given. The error, however, was harmless, for the verdict was based upon the second count, which charged the unlawful possession of intoxicating liquor, and the jury could not have been misled by the instruction. *People* v. *Russell*, 322 Ill. 295.

The third instruction told the jury that under the law no person could have in his possession any intoxicating liquor unless it was procured upon a prescription lawfully obtained, or was lawfully acquired before the enactment of the law charged to have been violated, or was possessed under lawful authority. The objection urged to this instruction is, that it was improper because there was no charge in the indictment that the liquor was not possessed prior to the passage of the Prohibition act. Such a charge was unnecessary. By section 40 of the Prohibition act the possession of liquor by any person not legally permitted to do so shall be *prima facie* evidence that such liquor is kept for the purpose of sale, barter, exchange or other disposition in violation of the provisions of the act. This section is valid. (*People* v. *Beck*, 305 Ill. 593.) If plaintiff in error desired to show that he had possession of the liquor prior to the enactment of the Prohibition act it was his duty to offer evidence to that effect. The prosecution had the right to

request instructions upon its theory of the case, and there was no error in giving the instruction.

The jury were informed by the fourth instruction that if they believed that the defendant, at any time within eighteen months prior to the finding of the indictment, had in his possession or sold any intoxicating liquor without a lawful right or authority to possess or sell such liquor, then they might find him guilty on such counts as they believed, from the evidence, had been proved beyond a reasonable doubt. The objections made to this instruction are two. The first is that the beginning of the instruction did not confine the jury to the evidence in determining whether the defendant was guilty. The instruction concluded with that requirement and it modified the whole instruction. The second objection is that there was no testimony that plaintiff in error ever sold any liquor. At his request the court instructed the jury that before the defendant could be convicted there must be proof, beyond a reasonable doubt, that he sold, possessed or gave away intoxicating liquors as charged in the indictment. Plaintiff in error cannot complain of an instruction similar to one he induced the court to give. The jury did not find him guilty of making a sale, and, obviously, they were not misled by the prosecution's fourth instruction.

The tenth instruction requested by plaintiff in error told the jury that unless the defendant had actual possession of intoxicating liquor he could not be convicted on the count of the indictment charging possession of such liquor. The court modified the instruction to permit a conviction if plaintiff in error had constructive possession. The modification was not improper. *State* v. *Arrigoni, supra; State* v. *Rozum, supra; Commonwealth* v. *Barry, supra; People* v. *Sybisloo, supra.*

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*