(No. 20766

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE MONTGARES, Plaintiff in Error.

*Opinion filed February 19, 1932—Rehearing denied April 6, 1932.*

ARCHIE G. KENNEDY, and DENNIS J. COLLINS, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, LATHAM CASTLE, State's Attorney, J. J. NEIGER, and LOWELL B. SMITH, for the People.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, George Montgares, was indicted and tried in the circuit court of DeKalb county for violations of the Prohibition act. The first six counts charged the unlawful possession of intoxicating liquor, the next four charged unlawful sales, and the last two charged unlawful transportation. A jury returned a verdict of guilty, after which the State's attorney entered a *nolle prosequi* as to the fifth, eleventh and twelfth counts and plaintiff in error was sentenced to pay a fine and to be imprisoned in the county

jail. The case comes to this court on a writ of error, the validity of section 39 of the Prohibition act being challenged.

The first and third counts charge the unlawful possession on September 17, 1930, and September 19, 1930, of intoxicating liquor which had been unlawfully acquired, the possession being prohibited and unlawful. These counts alleged that the liquor was not for non-beverage, sacramental, scientific or mechanical purposes, and that the possession was not upon the prescription of a physician or a permit from the Attorney General. The second, fourth and sixth counts contain the same allegations, except that they each charge that the plaintiff in error on September 17, 1930, September 19, 1930, and September 20, 1930, did unlawfully possess intoxicating liquor with intent to sell the same and that the possession was prohibited by the Prohibition act and unlawful. The seventh and ninth counts charge that the plaintiff in error on September 17, 1930, and September 19, 1930, did unlawfully, in violation of the Prohibition act, sell intoxicating liquor without having a permit from the Attorney General, said sales not being for medicinal, sacramental, scientific or mechanical purposes nor otherwise legally authorized. The eighth and tenth counts contain the same allegations as the seventh and ninth, except that they charge that the plaintiff in error on September 17, 1930, and September 19, 1930, unlawfully, willfully and in violation of the Prohibition act did the acts charged in the seventh and ninth counts.

Plaintiff in error moved to quash the indictment on the ground that it failed to negative lawful possession and sales under section 7 of the Prohibition act, (Smith's Stat. 1931, chap. 43, sec. 7, p. 1264,) which provides that any person who in the opinion of the Attorney General is conducting a *bona fide* hospital or sanitarium engaged in the treatment of persons suffering from alcoholism, may, under such rules, regulations and conditions as said officer shall prescribe, purchase and use, in accordance with the methods in use

in such institutions, liquor to be administered to the patients under the direction of a physician employed by such institution. The indictment was drawn under sections 3 and 28 of the Prohibition act. Section 39 of the act provides that it shall not be necessary in any indictment to include any defensive negative averments. This court has held that where the exception is not in the clause of the act creating or describing the offense, where there is no reference in the enacting clause to the exception, and the exception is one which merely withdraws the case from the operation of the statute, the exception need not be negatived. (*People* v. *Talbot*, 322 Ill. 416; *People* v. *Hollenbeck*, id. 443; *People* v. *Castree*, id. 471.) In each of these cases the indictment or information did not negative the possession of liquor in a private dwelling, as provided in section 40 of the act. In the first case cited it was held that this provision of section 40 is not descriptive of the offense but is purely defensive, and it is not necessary to set out this exception by the indictment. The other cases are to the same effect. Section 7 is no part of sections 3 and 28, under which the indictment was drawn. There is no reference in the enacting clause to the exceptions in section 7. These exceptions are not descriptive of the offense. They merely withdraw certain cases from the operation of the statute. The counts based on section 3 negatived the possession of a permit from the Attorney General. (*People* v. *Duchow*, 331 Ill. 636; *People* v. *Girard*, 326 id. 197.) The counts based on section 28 allege possession, with intent to sell liquor fit for beverage purposes without a permit from the Attorney General. (*People* v. *Tate*, 316 Ill. 52.) Each count of the indictment is sufficient and the motion to quash was properly overruled.

Plaintiff in error moved for a bill of particulars, the motion was overruled, and this ruling is assigned as error. A bill of particulars is not necessary where the indictment informs the defendant of the crime with which he is charged,

sufficiently to enable him to prepare his defense. (*People v. Birger*, 329 Ill. 352.) This rule was complied with in this case. Whether a bill of particulars shall be required rests in the sound discretion of the trial court. Only where there has been a clear abuse of this discretion will the denial of such a motion constitute error. (*People v. Petrilli*, 344 Ill. 416.) The evidence shows no such abuse in this case, and the motion for a bill of particulars was properly overruled.

Plaintiff in error insists that the trial court improperly overruled his motion to require the prosecution to elect on which count of the indictment the case would be tried. Section 39 of the Prohibition act authorizes the uniting of separate offenses in separate counts of the same indictment and the trial of all charges in one case. The prosecution had the right, under this section, to try the plaintiff in error upon all counts of the indictment and it was not required to make an election.

It is insisted that section 39 of the Prohibition act is unconstitutional because it authorizes the joining of separate offenses in separate counts in the same indictment, it provides that all of these offenses may be tried at the same time, and it makes it unnecessary to give the name of the purchaser or to include any negative averments in the indictment. It is urged that this section violates sections 2, 5 and 9 of the bill of rights of our constitution and the fifth and sixth amendments to the Federal constitution. This court has held that section 9 of the bill of rights of our constitution does not prohibit a trial for several offenses at the same time. (*People v. Jacobson*, 247 Ill. 394.) In *Albrecht v. United States*, 273 U. S. 1, (71 L. ed. 505,) it was held that the fifth amendment to the constitution of the United States does not prevent Congress from punishing separately the illegal possession and sale of intoxicating liquor, and an information joining counts of illegal possession and sale under the Federal Prohibition act was sus-

tained. Section 2 of the bill of rights of our constitution guarantees that no person shall be deprived of life, liberty or property without due process of law. Section 5 provides that the right of trial by jury as heretofore enjoyed shall remain inviolate. The sixth amendment to the constitution of the United States guarantees to the accused the right to be informed of the nature and cause of the accusation. Legislative enactments are presumed to be valid, and courts will only declare them invalid in case of a clear conflict with the constitution. (*Zurich Accident Ins. Co.* v. *Industrial Com.* 331 Ill. 576.) In an indictment charging misdemeanors, separate and distinct offenses of the same nature may be charged in the same indictment under various counts. (*Gitchell* v. *People,* 146 Ill. 175; *Kroer* v. *People,* 78 id. 294.) The offenses as charged may be tried in the same case. (*People* v. *Jacobson, supra.*) The indictment need not name the purchaser of the illegal liquor. (*Myers* v. *People,* 67 Ill. 503; *Cannady* v. *People,* 17 id. 158.) The provision in section 39 that it shall not be necessary in any indictment to include any defensive negative averments has been construed to be limited to certain cases but the section has not been held invalid. (*People* v. *Talbot, supra; People* v. *Martin,* 314 Ill. 110; *People* v. *Barnes,* id. 140.) If this section changes a common law rule without depriving anyone of his constitutional rights it is legal and valid. (*Komorowski* v. *Boston Store,* 341 Ill. 126.) Section 39 is valid and constitutional.

Plaintiff in error contends that his constitutional rights were violated by his conviction of the sale and the possession of intoxicating liquors, and that the only evidence of possession was the possession which was incidental to the sale. He insists that he was twice put in jeopardy for the same offense. This question was raised in *Albrecht* v. *United States, supra,* and it was held that possessing and selling are distinct offenses and not a single offense, and that there is nothing in the constitution which prevents

Congress from providing punishment for each offense. This court has held that distinct misdemeanors of the same kind may be joined in the same indictment and that it is not error to refuse an election in such cases. (*People* v. *Munday,* 280 Ill. 32.) The plaintiff in error was not twice put in jeopardy for the same offense.

It is insisted that the verdict is not sustained by the evidence. The complaining witness testified that shortly after July 4, 1930, he purchased a half pint of alcohol from plaintiff in error and paid $1.50 for it; that he drank it and became intoxicated; that about two weeks later he purchased another half pint of alcohol from plaintiff in error, for which he paid $1.50; that he drank it and again became intoxicated; and that he purchased another bottle of alcohol on September 17, 1930, from plaintiff in error, which he turned over to the sheriff of DeKalb county. This bottle of liquor was admitted in evidence, it was properly identified, and a chemist testified that it was 91 or 92 per cent alcohol by volume. The prosecuting witness testified that he purchased a bottle of alcohol from plaintiff in error on September 19, 1930, for which he paid three dollars. This bottle was turned over to the sheriff, it was admitted in evidence, and the chemist testified that it tested 90 per cent alcohol by volume. On the night of September 20, 1930, the sheriff sent several deputies with a *capias* to arrest plaintiff in error. As the officers approached he ran and was pursued by the officers. He threw three bottles to the pavement and they were broken. One of the deputies took his handkerchief and sopped up some of this fluid and put it in a bottle. The chemist testified that this liquid was 78 per cent alcohol by volume. Plaintiff in error denied the sales to the prosecuting witness, and five witnesses testified that after the date of the last sale they heard the prosecuting witness tell plaintiff in error that he had never bought anything from him. The jury heard and saw the witnesses, and they evidently believed the prosecuting wit-

ness and disbelieved plaintiff in error and the other witnesses, which they had a right to do.

Plaintiff in error contends that the evidence does not show whether the bottles into which the sheriff poured samples for exhibits were empty. No objection was made to the admission of these bottles on this ground, and it is too late to make the objection for the first time in this court.

Error is assigned upon the refusal of the court to sustain a motion in arrest of judgment. Prior to the return of the indictment three informations had been filed in the county court against plaintiff in error for the same offenses as those charged in the indictment. It is argued that the county court first obtained jurisdiction, and the circuit court could not thereafter take jurisdiction. Plaintiff in error made no objection to the jurisdiction of the circuit court before the trial. Both the county court and the circuit court had jurisdiction of the subject matter in this case. Plaintiff in error, if he saw fit, could waive any right he may have had to be tried in the county court and go to trial in the circuit court. (*Quinn* v. *People,* 146 Ill. 275; *Perteet* v. *People,* 70 id. 171.) Without objection on his part he will not be permitted to submit himself to the jurisdiction of the circuit court, wait until he has been put in jeopardy, and after the cause has been tried have a motion in arrest of judgment sustained on the ground that the circuit court had no jurisdiction to try him.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*