HENRY O. FORREST, Defendant in Error, vs. THE ROPER FURNITURE COMPANY, Plaintiff in Error.

*Opinion filed February 17, 1915—Rehearing denied April 8, 1915.*

1. MASTER AND SERVANT—*act to provide for safety of employees not limited to protection against contact with machinery.* The act of 1909, to provide for the safety of employees in factories and mills, was not intended merely to prevent injury to employees by coming in contact with unguarded machinery, but to prevent injuries which might happen in other ways as the result of the machinery being unguarded.

2. SAME—*circular rip-saw should be guarded so as to prevent throwing of splinters.* Failure to provide a suitable guard for a power-driven circular rip-saw which will prevent injury to the operator from splinters thrown from the saw is a violation of the act of 1909, concerning the safety of employees in factories and mills, and an injury received by an employee by a splinter flying from such saw is within the contemplation of the act.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding.

TRUSDELL, SMITH & LEECH, for plaintiff in error.

JOHN E. ERWIN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought by Henry O. Forrest, as plaintiff, against the Roper Furniture Company, a corporation, as defendant, to recover for an injury to his right eye, received while operating a circular rip-saw in the defendant's furniture factory, August 29, 1912. It was stipulated on the trial that James Roper, Harry Roper and Clyde Roper were the elective officers of the defendant corporation, and that both the plaintiff and defendant were, on the date of the alleged injury, within the provisions of the Workmen's Compensation act then in force, but the suit was based upon

the act of 1909, entitled "An act to provide for the health, safety and comfort of employees in factories, mercantile establishments, mills and workshops in this State, and to provide for the enforcement thereof." The right to maintain the suit under that act is based upon the provision of section 3 of the 1911 Compensation act, "that when the injury to the employee was caused by the intentional omission of the employer to comply with statutory safety regulations, nothing in this act shall affect the civil liability of the employer. If the employer is a partnership, such omission must be that of one of the partners thereof, and if a corporation, that of any elective officer thereof."

Plaintiff's duty or work in defendant's furniture factory was to operate a circular rip-saw used in preparing material for the manufacture of furniture. While thus engaged the saw threw a sliver or splinter of considerable size, which struck him in the eye, causing the injury sued for. He recovered a judgment in the circuit court, which was affirmed by the Appellate Court for the Second District, and the case comes to this court upon a writ of *certiorari.*

No guard or other instrumentality was provided for the purpose of protecting the plaintiff from slivers or splinters, which the evidence shows are frequently thrown from such saws, and the suit is based upon the claim that the injury was caused by the intentional omission of the defendant to comply with the statutory safety regulations of the act of 1909. Section 1 of that act provides that all power-driven machinery, including all saws, planers, wood-shapers, jointers, and many other machines and appliances enumerated, "shall be so located wherever possible, as not to be dangerous to employees, or shall be properly enclosed, fenced or otherwise protected. All dangerous places in or about mercantile establishments, factories, mills or workshops, near to which any employee is obliged to pass, or to be employed shall, where practicable, be properly enclosed, fenced or otherwise guarded." The section further provides that

no machine in any such establishment shall be used when known to be dangerously defective. The contention of defendant going to the merits of the case is, that the statute does not require protection for a person using the saw against injury from splinters thrown from it, but the protection required by the statute is against injury from coming in contact with the saw. It is conceded all power-driven circular saws throw dust and splinters, but it is argued that as to such saws the statute is complied with if they are so protected by a fence or enclosure as to prevent employees being injured by coming in contact with them. As plaintiff was not injured by his person coming in contact with the saw but by a splinter thrown from it while using the same, it is claimed there can be no recovery.

One of the purposes of the act as expressed in its title is to provide for the safety of employees in factories, mills and other industries mentioned. To effectuate that purpose it is required, where possible, that the machines and appliances enumerated in section 1 be so located as not to be dangerous to employees, or be enclosed, fenced or otherwise protected. Said section 1 further provides that all dangerous places near which any employee is obliged to pass or be employed, "shall, where practicable, be properly enclosed, fenced or otherwise guarded." It seems obvious that there would be much greater probability of an injury to an employee whose duty required him to work with the saw, from flying dust and splinters, than there would be to one who had nothing to do with the saw but whose duties required him to pass or work near it. The undisputed proof shows that unless prevented by a guard of some kind, saws of the character plaintiff was using throw dust, and not infrequently throw slivers or splinters toward the operator with great force. On one occasion before the injury to plaintiff's eye, while he was operating the saw, it threw a splinter with such force that it penetrated through his clothing and stuck in the flesh of his side until removed

by a physician. At another time it threw a splinter, which missed him, with such force that it stuck in a board standing in the rear of plaintiff. Plaintiff testified, and this testimony was not disputed, that in other factories where he had worked with saws of the same kind, guards were used which prevented splinters or slivers from flying, and that such guards were in the market and practical.

.It must be assumed the legislature was familiar with power-driven circular rip-saws, the method of operating them and the dangers attending their operation to the one directly using them. The requirement that the machines and appliances mentioned should, where possible, be so located as not to be dangerous to employees, or enclosed, fenced or otherwise protected, is a legislative declaration that they are hazardous machines, liable to cause injury to employees, which it was intended to prevent, as far as possible, by requiring them to be safeguarded. Three specific methods of accomplishing this object are mentioned: Location, enclosing and fencing; but as the object to be accomplished by the statute was the safety of employees, those methods were not made exclusive. If the employer could perform the duty required of him by the location of machinery or by enclosing or fencing it he was at liberty to do so, but if those methods were impracticable and he could guard his machinery from being dangerous to his employees by "otherwise" protecting it, he was required to do this. Not only that, but the statute requires the employer to enclose, fence or otherwise guard all dangerous places near which anyone is employed. The legislative concern was more for the protection of employees from injury by machinery than the particular manner by which that protection should be secured, and it would, we think, be contrary to the spirit and intent of the statute to say that because location, enclosing and fencing are mentioned as some of the methods which might be employed, the only danger to be guarded against is to so protect the machinery as to pre-

vent employees from injury by coming in contact with it. In *Streeter* v. *Western Scraper Co.* 254 Ill. 244, the act to provide for the health, safety and comfort of employees in factories was relied upon to sustain the right of an employee to recover for an injury received to his hand by accidentally coming in contact with a jointer at which he worked and which was unprotected. In discussing the intent and purpose of the law we said, in substance, the act was passed to protect those who had been unable to protect themselves; that the master could no longer exercise his judgment as to the reasonableness of enclosing or protecting dangerous machinery but it was made his duty to protect his workmen against injury from machinery, and injuries resulting from a failure to perform the duty required of him by the statute created a liability. It was further said the doctrine of assumed risk had no application; that if it did have, the act would be a delusion so far as protection of the employee is concerned. We think in this case with equal pertinence it may be said that if the act is limited to the protection of employees from injury caused by coming in contact with machinery but affords no protection against the greater dangers from using machinery where it is practicable to provide protection, the act would to a great extent be a delusion. The language used by the legislature is broad enough to embrace the requirement that workmen be protected where practicable,—not only from injury from coming in contact with the machinery, but also, where practicable, from injury in the use of the machinery,—and it seems to us to hold otherwise would be in a large measure to nullify the statute. This is the construction recognized in several instructions given at the request of defendant which are inconsistent with any other view of the statute. The intent is the vital part or essence of the law, and in the construction of statutes the intent is to be ascertained and effect given to it; and this is true even though it may not be entirely consistent with the strict

letter of the statute. "In construing statutes the proper course is to start out and follow the true intent of the legislature and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature." (Lewis' Sutherland on Stat. Const. secs. 363-368.)

Considerable space in defendant's brief and argument is devoted to a discussion of the sufficiency of the case made by the proof of plaintiff. There was a conflict in the evidence upon some questions, but it is undeniable that the testimony on the part of plaintiff tended to establish every element necessary to a recovery, and the affirmance of the judgment of the circuit court by the Appellate Court precludes this court from weighing the evidence for the purpose of determining on which side it preponderated.

The construction we have given the statute renders it unnecessary to discuss in detail the objections made to the rulings of the circuit court in giving, modifying and refusing instructions. The instructions given on behalf of plaintiff are in harmony with our view of the law, and those given on behalf of defendant were much more favorable to it than it was entitled to under the decision in *Streeter* v. *Western Scraper Co. supra.*

It is further complained that counsel for plaintiff, by his examination of witnesses, endeavored to disclose to the jury that the defendant was insured by a casualty company. The questions asked and answered of which complaint is made do not appear to have been asked for the purpose of eliciting the information that defendant was insured against liability by a casualty company, but, at all events, they were not objected to, and that alleged error is not preserved for review.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*